# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT of TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL ROWE,<br>　　SID # 909676, | §<br>§<br>§ | |
| 　　　　Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action<br>No. SA-10-CA-091-XR |
| UNIVERSITY HEALTH SYSTEM –<br>　　DETENTION HEALTH CARE<br>　　SERVICES,<br>BEXAR COUNTY ADULT DETENTION<br>　　CENTER,<br>HOWARD HUEBER,<br>ARMANDO ORTIZ,<br>J. GAEZA,<br>P. REVELES, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| 　　　　Defendants | §<br>§ | |

# SHOW  CAUSE  ORDER

Before the Court is Plaintiff Michael Rowe's Civil Rights Complaint.  Plaintiff, an inmate at the Bexar County Adult Detention Center, alleges the following.  On August 19, 2009, Plaintiff was sent to Detention Health Care Services because Plaintiff's thigh was swollen.  P.A. Howard Hueber tried draining fluid from Plaintiff's knee.  Defendant Hueber prescribed pain medication and said the swelling would reduce in a few days.  The next day, Plaintiff told officer P. Reveles that the medication was not working and that Plaintiff was in pain.  Defendant Reveles told Plaintiff to stop crying and to put in a medical sick call slip.  Defendant Reveles did not notify Detention Health Care Services.  On August 22, Detention Health Care Services stopped the prescribed pain medication.[1]

---

[1]  Plaintiff states "Detention Health Care Services ceased my prescribed pain medication." It is not clear whether Plaintiff means his prescription expired.

On September 1, Defendant Reveles notified Detention Health Care Services after Plaintiff showed him big blood spots on Plaintiff's thigh. Defendant Hueber examined the injury and sent Plaintiff to the University Hospital emergency room, where Plaintiff was prepped for surgery, x-rayed, and given a sonogram. Plaintiff asserts he had a hematoma in his right thigh. Plaintiff returned to Bexar County Adult Detention Center and was assigned to the top tier of a medical unit. Plaintiff's thigh injury made it nearly impossible to use the stairs. On September 2, 2009, Plaintiff's pain medication was stopped.[2] Plaintiff told J. Gaeza he was in serious pain, and Plaintiff requested medical attention and pain medication. Defendant Gaeza did not notify Detention Health Care Services. The medication nurse arrived on the unit, but Plaintiff does not allege when that occurred. Plaintiff told her his situation, and Plaintiff's medication was renewed.

Plaintiff names University Health System – Detention Health Care Services and Bexar County Adult Detention Center, but he does not allege any claim or cause of action against them. Plaintiff raises a medical malpractice claim against Defendant Hueber for trying to drain fluid from Plaintiff's knee when the knee was not the problem and for failing to take x-rays or perform a sonogram. Plaintiff asserts Defendant Armondo Ortiz, jail administrator, failed to provide safe housing by failing to move Plaintiff to the bottom tier when Plaintiff returned from the hospital with a thigh injury. Plaintiff contends Defendants Reveles and Gaeza acted with deliberate indifference to Plaintiff's medical needs when they denied his requests for medical treatment.

Plaintiff seeks monetary compensation for negligence, medical malpractice, and pain and suffering.

Title 28 U.S.C. § 1915A requires this Court to screen prisoners' complaints and dismiss the

---

[2] Again, it is not clear whether Plaintiff means his prescription expired.

complaint if the court determines it is frivolous or malicious, or it fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When interpreting a prisoner's complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). A conclusory complaint, one that fails to refer to material facts, may be dismissed as frivolous, *see e.g. Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988), or for failure to state a claim, *see Rios v. City of Del Rio*, 444 F. 3d 417, 426 (5th 2006).

To establish a claim under § 1983, a plaintiff must prove the violation of a right secured by the Constitution and laws of the United States and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The case and controversy requirement of Article III of the Constitution requires that to proceed in federal court a complaint must allege an injury, *see O'Shea v. Littleton*, 414 U.S. 488, 493-95 (1974), that is more than de minimis or trivial, *see Glenn v. City of Tyler*, 242 F. 3d 307, 314 (5th Cir. 2001).

*Plaintiff's Complaint is subject to dismissal as frivolous and for failure to state a claim for the following reasons*:

1.      Plaintiff does not allege any cause of action against or acts done by Defendant Bexar County Adult Detention Center. Moreover, the Bexar County Adult Detention Center is a building and is not a separate jural entity subject to suit in a § 1983 action, *see Darby v. Pasadena Police Department*, 939 F. 2d 311, 313 (5th Cir. 1991); therefore it is not a proper party to this suit. To establish liability on the part of a county or municipality, a plaintiff must demonstrate a policy or custom which caused the alleged constitutional deprivation. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978). An employer is not liable under § 1983 on a respondeat superior theory, i.e. an employer is not liable under § 1983 solely because it employs a tortfeasor. *Id.* at 691. Plaintiff's Complaint fails to allege the requisite custom, practice, or policy, as a basis for liability against Bexar County.

2.      Plaintiff does not allege any cause of action against or acts done by the University Health System – Detention Health Care Services. Plaintiff does not allege the requisite custom, practice, or policy, as a basis for liability against University Health System – Detention Health Care Services.

3.      To establish a civil rights claim for the denial of medical care, a prisoner must allege and prove the prison authorities were deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1978). Delay in providing medical care violates the Eight Amendment if there has been deliberate indifference that results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Negligence is not a basis for a civil rights action under § 1983, *see Daniels v. Williams*, 474 U.S. 327, 329-336 (1986), and "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106. Disagreement with a physician's course of treatment is not a basis for a civil rights action. *Norton v. Dimazana*, 122 F. 3d 286, 292 (5th Cir. 1997). "Unsuccessful medical treatment

does not give rise to a § 1983 cause of action." *Varnado v. Lynaugh*, 920 F. 2d 320, 321 (5th Cir. 1991).

Plaintiff's claim of medical malpractice and negligence against Defendant Hueber is frivolous and fails to state a claim. Negligence and medical malpractice are not bases for a civil rights action. *Daniels v. Williams*, 474 U.S. at 329-336; *Estelle v. Gamble*, 429 U.S. at 106.

4.      Plaintiff alleges he complained to Defendant Reveles on August 20 that the pain medication was not working and that he was still in pain. Defendant Reveles told Plaintiff to submit a medical sick call slip. Plaintiff does not allege he submitted a sick call slip. Plaintiff does not allege he told Reveles anything that would have indicated an emergency need for immediate attention, rather than something that called for the submission of a sick call slip by Plaintiff. Apparently, it was not until September 1 that Plaintiff showed Defendant Reveles blood spots on Plaintiff's thigh. At that point, Defendant Reveles notified Detention Health Care Service, and Plaintiff was examined. Plaintiff does not allege facts showing a deliberate indifference to Plaintiff's serious medical needs. Moreover, Plaintiff does not allege how he was injured by Defendant Reveles's actions or inactions.

5.      Plaintiff alleges on September 3 he told Defendant Gaeza he was in serious pain. Plaintiff requested medical attention and pain medication. Defendant Gaeza did not notify Detention Health Care Services. However, Plaintiff was able to tell the medication nurse about his situation, and Plaintiff received medication. Plaintiff does not allege when he spoke with the medication nurse and when he received medication. Plaintiff has not shown there was any significant time that elapsed from when he spoke with Defendant Gaeza and when he spoke with the medication nurse. Thus, Plaintiff has not alleged a delay that resulted in substantial harm. Moreover, Plaintiff has not alleged how he was injured by any such delay.

6.     Officials violate an inmates's constitutional rights if they show a subjective deliberate indifference to conditions posing a substantial risk of serious harm to the inmate. *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004). Negligence is not a basis for a civil rights action. *Daniels v. Williams*, 474 U.S. 327, 329-336 (1986).

Inmates have an Eight Amendment right to be free from conditions of confinement that impose an excessive risk to their health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Helling v. McKinney*, 509 U.S. 25, 31 (1993). To show that this right has been violated, the inmate must show that the conditions posing a substantial risk of serious harm are so grave that it violates contemporary standards of decency to expose someone unwillingly to such a risk; and the inmate must show that the incarcerating officials knew of, but disregarded, an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. at 834. The officials must have been aware of facts from which an inference could have been drawn that there was a substantial risk of serious harm, and the officials must have drawn that inference. *Id*.

Also, in a § 1983 civil rights action, a plaintiff must allege the defendant was personally involved in the actions he complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See McConney v. City of Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981).

Plaintiff does not allege he informed Defendant Armondo Ortiz of any need to be on the bottom tier. Plaintiff does not allege any medical personnel restricted Plaintiff's housing to the bottom tier. Plaintiff does not allege he faced any substantial risk of serious harm. Plaintiff does not allege how he was injured by being housed on the top tier instead of the bottom tier.

7.	Additionally, the case and controversy requirement of Article III of the Constitution requires that to proceed in federal court a complaint must allege an injury, *see O'Shea v. Littleton*, 414 U.S. 488, 493-95, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974), that is more than de minimis or trivial, *see Glenn v. City of Tyler*, 242 F. 3d 307, 314 (5th Cir. 2001). Plaintiff's Complaint fails to allege how he has been harmed or injured by the matters he complain of, and therefore fails to state a claim.

Before dismissal Plaintiff is entitled to amend his Complaint to cure these deficiencies if possible. *See Neitzke v. Williams*, 490 U.S. 319, 329 (1989). **Therefore, within twenty (21) days Plaintiff shall show cause why his civil rights Complaint should not be dismissed as frivolous and for failure to state a claim by filing an amended complaint (of no more than ten (10) pages) curing these deficiencies.** Alternatively, Plaintiff may request voluntary dismissal of this case. Fed. R. Civ. P. 41(a)(1). If Petitioner fails to respond to this Order, his Petition will also be dismissed for failure to prosecute and failure to comply with the Orders of this Court pursuant to Fed. R. Civ. P. 41(b). *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

**It is so ORDERED.**

**SIGNED on February 12, 2010.**

*Nancy Stein Nowak*

**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**